IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re:                                        )
    Jeanette Hunt,                          )    09 B 24041
                                            )    Judge Bruce W. Black (Joliet)
                                            )    Chapter 13
    Debtor.                                 )
                                            )

## Memorandum of Decision

In this chapter 13 case the Standing Trustee has filed a motion questioning the reasonableness of Attorney Timothy Liou's fee. The facts and procedural posture of this case are very similar to those in *In re Nelson*, 09 B 24042. The court issued a memorandum opinion on this day setting forth the reasons why Mr. Liou's fee of $5,290 in that case was excessive. Mr. Liou was there ordered to disgorge $3,290 to Mr. Nelson.

Two relatively insignificant differences between *Nelson* and this case are: (1) here the chapter 13 plan was confirmed, while there the case was dismissed without confirmation; and (2) here the fee was $3,640, while there it was $5,290.

A third, and more serious, difference between the cases is that here the original Statement of Financial Affairs Mr. Liou filed for Ms. Hunt failed to disclose in paragraph 9 any payment to Mr. Liou. An amendment was filed on August 26, 2009, correcting the paragraph to reflect the fee of $3,640 paid on June 25, 2009.

A fourth difference from *Nelson* is that here the original fee agreement attached to the 2016(b) disclosure statement filed with the petition was for a chapter 7 case, and many of the services mentioned are not relevant to a chapter 13 case. Mr. Liou filed a different fee

agreement, this time regarding a chapter 13 case, a few days after the trustee filed his motion attacking the fees.

As noted in the *Nelson* Memorandum Opinion, Mr. Liou's fee practices were the subject of Judge Goldgar's opinion in *In re Jackson*, 401 B.R. 333 (Bkrtcy.N.D.Ill. 2009), dated in February, 2009. All of the criticisms of Mr. Liou's fee agreement and fees discussed in the *Nelson* case are apropos here. Moreover, Mr. Liou was still making mistakes regarding the statement of financial affairs many months after the *Jackson* decision. Given this failure to correct these basic filing deficiencies, sanctions are appropriate.

Mr. Liou filed a fee itemization after being ordered to do so, but as in *Jackson* and *Nelson*, he gave no evidence regarding the reasonableness of the services itemized. The fee here was only $140 over the court-authorized flat fee when a Model Retention Agreement is used, but the promised services were substantially less than those required by the Model Retention Agreement. Based on its examination of the court's docket, the court concludes that this case is an ordinary case and that a fee of $2,500 would have been appropriate here if Mr. Liou had filed the correct documents at the correct time. As sanctions for not doing so, the court awards a fee of $1,500 in this case and will order Mr. Liou to disgorge $2,140 to the Debtor. A separate disgorgement order will be issued.

DATED:   October 30, 2009                                ENTERED:

                                                         *Bruce W. Black*
                                                         Bruce W. Black
                                                         United States Bankruptcy Judge